MARGEAUX FAIRLEY          \*        NO. 2020-CA-0282

VERSUS               \*

                             COURT OF APPEAL

JARED MERTENS POCHE,   \*
LIVE NATION WORLDWIDE,           FOURTH CIRCUIT
INC. AND SMG            \*

                             STATE OF LOUISIANA

                \* \* \* \* \* \* \*

| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
|---|---|
| MARGEAUX FAIRLEY | NO. 2020-CA-0308 |
| VERSUS | |
| JARED MERTENS POCHE, LIVE NATION WORLDWIDE, INC. AND SMG | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-00362, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
\* \* \* \* \* \*
**Judge Edwin A. Lombard**
\* \* \* \* \* \*
(Court composed of Judge Edwin A. Lombard, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

Ryan P. Reece
Anton  Martynenko
THE REECE LAW FIRM, LLC
4933 Utica Street
Metairie, LA 70006

COUNSEL FOR PLAINTIFF/APPELLEE MARGEAUX FAIRLEY

Jeff Landry
ATTORNEY GENERAL
Amber Mandina Babin
Lead Appeals Counsel
Craig J. Hebert
Trial Counsel
Louisiana Department of Justice
Litigation Division
1450 Poydras St., Ste. 900
New Orleans, LA 70112

    COUNSEL FOR DEFENDANTS/APPELLANTS, STATE OF
    LOUISIANA THROUGH THE LOUISIANA STADIUM AND
    EXPOSITION DISTRICT (LSED) AND SMG


Richard G. Duplantier, Jr.
Blake W. Bouregois
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
One Shell Square
701 Poydras Street, 40th Floor
New Orleans, LA 70139

    COUNSEL FOR LIVE NATION WORLDWIDE, INC.


                                 **AFFIRMED**


                    **FEBRUARY  3, 2021**

EAL
RBW
PAB

The plaintiff/appellant Margaux Fairley and the defendant/appellant the State of Louisiana, through the Louisiana Stadium and Exposition District ("LSED") and the management company of the Smoothie King Center ("SMG"), appeal the summary judgment rendered in favor of the defendant/appellee Live Nation Worldwide, Inc. ("Live Nation"). After *de novo* review, the judgment of the district court is affirmed.

***Relevant Facts and Procedural History***

On January 31, 2016, Ms. Fairley sustained injuries at a concert in the Smoothie King Center when another concert attendee, Jared Poche, fell from a second floor suite ("Suite 227") and landed on her. On January 12, 2017, Ms. Fairley filed this lawsuit naming Mr. Poche, SMG, and Live Nation as defendants. Ms. Fairley asserted that SMG and Live Nation had joint and/or sole custody over Suite 227 and should have known of "the unreasonably dangerous conditions located in, on and about the suite." She alleged that in addition to being liable under La. Civ. Code art. 2317, Live Nation was jointly, severally, and liable *in solido* under La. Civ. Code arts. 2315 and 2316 for negligent acts and omissions related to Suite 227 and Mr. Poche, including allowing illegal drugs to be

1

consumed in the suite, failure to supervise the guests allowed in the suite, failure to warn of the unreasonable dangerous conditions of the suite from which Mr. Poche fell or jumped, and failure to warn of the unreasonably dangerous conditions located in or about Suite 227. By amended petition filed on June 11, 2018, Ms. Fairley added LSED and the State of Louisiana (co-owners with SMG on a 2013-14 Smoothie King Center renovation project that included the installation of the allegedly defective guardrails) as defendants jointly, severally, and *in solido* liable with SMG and the other defendants.

By consent judgment entered on May 1, 2019, SMG admitted that there was no SMG Executive Suite License Agreement signed by a representative of Live Nation in its possession.

On November 14, 2019, Live Nation filed its motion for summary judgment, pointing out that there are no relevant facts in dispute, the plaintiff will be unable to produce any evidence at trial to support her claims against Live Nation, and that Live Nation is entitled to summary judgment as a matter of law. On December 26, 2019, the State of Louisiana through LSED and SMG (hereinafter "the State") filed an opposition to Live Nation's motion for summary judgment, arguing that a genuine issue of material fact existed as to whether Live Nation had control over Suite 227 and, thus, was responsible for the actions of the guests in the suite. On January 2, 202, the plaintiff filed an opposition to the motion for summary judgment, also arguing that there was a genuine issue of material fact as to whether Live Nation had control and custody over Suite 227 and was, therefore, liable for her injuries. On January 28, 2020, the district court granted summary judgment in favor of Live Nation, dismissing the plaintiff's claims with prejudice.

The plaintiff and the State timely filed devolutive appeals.

*Summary Judgment*

We review an appeal from summary judgment *de novo,* "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *SBN V FNBC v. Vista Louisiana,* 2018-1026, p. 5 (La. App. 4 Cir. 3/27/19), 267 So.3d 655, 660 (citations omitted). The summary judgment procedure, designed to secure "just, speedy, and inexpensive" resolution of legal actions, "is favored and shall be construed to accomplish those ends." La. Code Civ. Proc. Art. 966 (A)(2). The burden of proof rests with the mover on summary judgment but the "*burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.*" La. Code Civ. Proc. Art. 966(D)(1) (emphasis added).

*Applicable Law*

Negligence is determined in Louisiana under a duty-risk analysis. The determination of liability in a negligence case usually requires proof of five different elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to a specific standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). *Boykin v. La. Transit Co., Inc.,* 96–1932 (La.3/4/98), 707 So.2d 1225.

*Discussion*

In its motion for summary judgment, Live Nation contends it is entitled to summary judgment as a matter of law because the plaintiff and State are unable to produce any evidence to support a claim against Live Nation. Specifically, Live Nation points out that it is undisputed that (1) Live Nation did not contract for lease or use of Suite 227; (2) Live Nation did not purchase any tickets for the event; (3) no Live Nation representatives were present when the accident occurred; (4) Live Nation has no relationship to Poche and is not responsible for his alleged drug use; (5) Live Nation did not design, build, or renovate the Smoothie King Center; and (6) Live Nation is not liable for the actions or inactions of SMG, the operator of the Smoothie King Center.

In opposition to summary judgment, the State asserts that Live Nation, the parent corporation of the House of Blues, is responsible for the plaintiff's injuries because Molly Coates, an employee of the House of Blues, emailed the SMG ticket manager, Mark Arata, requesting ten tickets on behalf of a House of Blues patron for the concert on January 31, 2016. In response, Mr. Arata advised her that the only available block of tickets for a group of that size would be in one of the suites. Based upon a series of emails, Ms. Coates provided Mr. Arata with the credit card information of Henry Boos for the purchase of twenty-two concert tickets, along with food and beverages for Suite 227. According to the State, the deposition testimony of Mr. Arata that he and Ms. Coates had a six or seven-year history of similar purchase for tickets and it was his belief, based upon this history, that Ms. Coates was purchasing Suite 227 for the concert on behalf of House of Blues/Live Nation creates a genuine issue of material fact as to whether Live Nation had custody and/or control of Suite 227, thereby defeating summary judgment. The

4

State also points to Mr. Arata's testimony that SMG does not execute Suite Licensing agreements for all suite rentals during events at the Smoothie King Center as evidence, apparently, that it is standard procedure for SMG to enter into lease agreements without formalities between the pertinent parties. [1] On appeal, the State argues that the district court rendered summary judgment in favor of Live Nation based on the district court's erroneous determination of subjective factors such as "weighing the evidence, evaluating the testimony, and making credibility determinations."

Similarly, in opposition to Live Nation's motion for summary judgment, the plaintiff argues that the deposition testimony of Mr. Arata "confirms the existence of an oral agreement for the least [sic] of Suite 227 and Live Nation" and, alternatively, "the email correspondence between Mark Arata and Molly Cootes [sic] may itself constitute a written, electronically signed lease agreement," thereby creating a genuine issue of material fact sufficient to defeat summary judgment. On appeal, the plaintiff argues that the district court erred in granting summary judgment to Live Nation because the emails between Ms. Coates and Mr. Arata are sufficient evidence of a lease agreement between SMG and Live Nation. [2]

After *de novo* review of Live Nation's motion for summary judgment and the oppositions filed by the plaintiff and the State, we find that the plaintiff failed to produce factual support sufficient to establish at trial that Live Nation had custody or control over Suite 227 such that Live Nation is liable for the plaintiff's

---

[1] The State's apparent approval of such a lackadaisical approach to contracts and potential liability issues on the part of State-owned entities is problematic.

[2] In addition, the plaintiff argues for the first time on appeal that the affidavit of Ms. Coates creates a genuine issue of material fact as to whether Live Nation failed to disclose that Mr. Boos was a principle or an agent of Live Nation. It is axiomatic that an appellate court does not consider issues raised for the first time on appeal.

injuries. To wit, after a substantial period of discovery, the plaintiff is unable to produce any objective evidence that creates a genuine issue of material fact as to whether Live Nation had custody or control over Suite 227 at the time of her injuries. Rather, the plaintiff and the State argue without any precedential authority that Mr. Arata's subjective belief that his email correspondence with Ms. Coates (an employee of House of Blues) concerning the purchase of concert tickets by Mr. Boos established a lease agreement (and liability) for Suite 227 on behalf of a corporate entity, Live Nation. This theory is both novel and dangerous, creating a situation where any employee of a business (such as a concierge at a hotel) subjects the corporate owner of his/her employer to far-ranging liability for unforeseen injuries subsequently relating back to hospitality services.

### *Conclusion*

Live Nation is entitled to summary judgment as a matter of law. We affirm the judgment of the district court.

**AFFIRMED.**